IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACY WHITESIDE, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil No. 3:14-CV-03311-M-BK |
| JOHNSON & JOHNSON, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3*, this cause came before the undersigned for pretrial management. Defendants filed their *Motion for Summary Judgment* on January 21, 2015. Doc. 31. Plaintiff was required to file her response, if she opposed the relief requested, by February 11, 2015, but did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Due to Plaintiff's failure to respond to Defendants' dismissal motion, this Court ordered Plaintiff to respond to the motion no later than March 9, 2015, if she was opposed to the dismissal of her case. The undersigned warned Plaintiff that, if she did not respond, she risked dismissal of her case without further notice. Doc. 34. The March 9 deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendants' *Motion for Summary Judgment* and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling her case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Plaintiff avers that she took the medication that allegedly caused her injury in January 2009. Doc. 1 at 20. She filed her complaint in January 2011. Consequently, it appears that the statutes of limitation likely expired during the pendency of Plaintiff's suit on her claims of (1) strict liability; (2) negligence; (3) breach of implied warranty; (4) breach of express warranty; (5) fraud; (6) violation of the Texas and Minnesota deceptive practices acts; (7) violation of the Texas Consumer Fraud Act; and (8) unjust enrichment. Thus, dismissal of this case without prejudice would have the same effect as a dismissal with prejudice.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

In this case, Plaintiff has a clear record of purposeful delay. She has ignored two Court orders, namely the Court's *Order for Scheduling Proposals* and the order directing her to respond to Defendants' dismissal motion. Docs. 23; Doc. 34. The latter order warned Plaintiff that her failure to respond could result in dismissal of her case. Plaintiff's case has been pending in this Court for over six months, and she has yet to file a single pleading. Altogether, Plaintiff has ignored this lawsuit and the Court's orders. Since Plaintiff is proceeding *pro se*, the delay

caused by her refusal to comply with Court orders is attributable to her alone.  *See Berry, 975 F.2d at 1191*.  In light of Plaintiff's intentional failure to respond to the Court's orders, no lesser sanction will prompt diligent prosecution of this case.  Accordingly, the district court should exercise its discretion to dismiss Plaintiff's claims under Rule 41(b) even if limitations may prevent further litigation of these matters.[1]

**SO RECOMMENDED** on March 13, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants note in their summary judgment motion that (1) Plaintiff did not retain her own expert witness or designate a physician to present testimony, and she thus cannot establish the required element of medical causation for any of her claims; and (2) Plaintiff's prescription post-dated both (a) Defendants' addition of an adequate "black box" warning about the risks associated with the drug in question and (b) the issuance of a "dear doctor" letter to physicians advising of the addition of the black box warning.  As such, Defendants assert that Plaintiff's claims are barred by the "learned intermediary" doctrine because her doctor stood between her and the drug manufacturer.  Doc. 32 at 9-14.  Both of these arguments appear to have merit and would be fatal to Plaintiff's claims.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE